UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES EDWARD COOPER,                             Case No. 09-CV-12150

    Plaintiff,                                   Hon. John Corbett O'Meara

v.

CHEMICAL BANK, UNITED STATES
OF AMERICA, and DEPT. OF JUSTICE,

    Defendants.

_____/


**ORDER GRANTING APPLICATION TO PROCEED**
***IN FORMA PAUPERIS*** **AND DISMISSING COMPLAINT**

    Plaintiff James Edward Cooper filed a *pro se* complaint on June 3, 2009, along with an application to proceed *in forma pauperis*. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

    Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court shall dismiss the complaint at any time if the court finds that it fails "to state a claim for which relief may be granted." 28 U.S.C. § 1915 (e)(2)(B)(ii). The court's determination of failure to state a claim under § 1915(e) is the same as its determination under Fed. R. Civ. P. 12(b)(6). 1 Moore's Fed. Practice § 4.41[3]. *Pro se* plaintiff's pleadings are liberally construed. Middleton v. McGinnis, 860 F.Supp.2d 391, 392

(E.D. Mich. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  However, even a *pro se* plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  Scheid v. Farmer Candy Shops, Inc., 89 F.2d 434, 436 (6th Cir. 1988).  Conclusory and unsupported statements are insufficient to state a claim.  Dellis v. Corrections Corp. of America, 25 F.3d 508, 511 (6th Cir. 2001).  See also Hendrock v. Gilbert, 68 Fed. Appx. 573, 574 (6th Cir. 2003) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions").  Furthermore, "factual allegations must be enough to raise the right to relief above a speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff twice attempted to obtain a one-dollar presidential coin from Defendant Chemical Bank.  Chemical Bank, a members-only institution, denied Plaintiff's request and, after Plaintiff refused to leave, had the police escort him from the premises.  As far as the court can tell, Plaintiff alleges Chemical Bank's refusal to provide the coin was based on discrimination against Plaintiff's economic status and race.  Plaintiff seeks one-million dollars in compensation for harm suffered as a result of Chemical Bank's discrimination.

Plaintiff has failed to provide any factual allegations beyond Chemical Bank's refusal to serve him because he was not a member of the bank.  That a members-only bank refuses to serve non-members does not raise claims of discrimination above a speculative level.  Twombly, 550 U.S. at 555.  Plaintiff's has therefore failed to state a claim for which relief may be granted.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint be **DISMISSED** as frivolous and for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      Based on the preceding order, any appeal by Plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); Goodell v. Anthony, 157 F.Supp.2d 796, 802 (E.D. Mich. 2001).

Date: July 23, 2009                                          s/John Corbett O'Meara
                                                                United States District Judge

      I hereby certify that a copy of this order was served upon plaintiff on this date, July 23, 2009, by U.S. mail.

                                                                 s/William Barkholz

                                                                 Case Manager